UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEA SHEPHERD LEGAL,

        Plaintiff,

v.

DEPARTMENT OF THE NAVY,
an agency of the United States,

        Defendant.

NO. _____

PLAINTIFF SEA SHEPHERD LEGAL'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (FREEDOM OF INFORMATION ACT)

## INTRODUCTION

1. This action is brought to remedy violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. Specifically, it challenges the failure of the Department of the Navy ("Federal Defendant") to provide a determination within the time required by FOIA in regard to Plaintiff Sea Shepherd Legal's ("Plaintiff") March 13, 2017 request for information ("Request").

2. In the Request, Plaintiff asked for documents in Federal Defendant's possession regarding a reported plan to locate and capture critically endangered *Phocoena sinus* ("Vaquita Porpoise") in the Gulf of California using Navy-trained dolphins. Specifically, insofar as such records relate to the Vaquita Porpoise operation, Plaintiff requested all records regarding compliance with the National Environmental Policy Act; all records regarding compliance with the Endangered

COMPLAINT - 1 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

Final_Navy_FOIA_Complaint.doc/050817 1524/7754-0417

Species Act; all records regarding compliance with the Convention on International Trade in Endangered Species of Wild Fauna and Flora; all records regarding any communications between Federal Defendant and the National Oceanic and Atmospheric Administration; all records regarding any communications between Federal Defendant and government officials in Mexico; and all records regarding any communications between Federal Defendant and the International Committee for the Recovery of the Vaquita. *See* Exhibit A.

3. As of the date of this Complaint, Federal Defendant has not made a determination regarding the release of documents, nor has Federal Defendant provided a timeline or other plan for compliance with the requirements of FOIA to indicate when or whether the Request will be satisfied.

4. As explained below, the only written communication from Federal Defendant serves merely to confirm receipt, while also amounting to an improper invocation of the extension for "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B)(i) and 32 C.F.R. § 701.8(g)(2). *See* Exhibit B.

5. Federal Defendant is unlawfully withholding a determination on Plaintiff's Request. By failing to make a timely determination, Federal Defendant failed to comply with the statutory mandates and deadlines imposed by FOIA.

6. Accordingly, Plaintiff seeks declaratory relief establishing that Federal Defendant has violated FOIA. Plaintiff also seeks injunctive relief directing Federal Defendant to make a determination on the Request, provide a timeline for the release of responsive, non-exempt documents, and promptly provide the requested material free of cost.

7. Plaintiff brings this lawsuit to obtain a determination on the Request and, ultimately, timely disclosure of critical information related to Federal Defendant's involvement in a plan to use dolphins to search for, and then to capture, the critically endangered Vaquita Porpoise. Given the significant potential impact upon the rapidly diminishing population of the Vaquita Porpoise— estimated at only thirty individuals worldwide—and the strong public interest in disclosure of

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

Final_Navy_FOIA_Complaint.doc/050817 1524/7754-0417

information that may directly assist Plaintiff's ongoing efforts to protect this species, Plaintiff seeks expeditious treatment of its Complaint pursuant to 28 U.S.C. § 1657.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question). This Court may grant the declaratory relief under 28 U.S.C. § 2201 *et seq.* (Declaratory Judgment Act) and injunctive relief under 5 U.S.C. § 552(a)(4)(B) (FOIA). An actual, justiciable controversy exists within the meaning of the Declaratory Judgment Act between Plaintiff and Federal Defendant. The Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

9. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district as the district in which Plaintiff resides. Plaintiff maintains a principal office in the Western District of Washington. Venue is also proper under 28 U.S.C. § 1391(b) because Federal Defendant is subject to personal jurisdiction in this federal district.

## PARTIES

10. Plaintiff is a nonprofit public interest law organization dedicated to its mission to end the destruction of habitat and slaughter of wildlife in the world's oceans in order to conserve and protect ecosystems and species. In furtherance of that mission, Plaintiff has been involved in protecting marine life throughout the world. Plaintiff uses public outreach, education, and litigation to advocate for and motivate the creation of greater protections for cetaceans and other marine life.

11. Plaintiff's interests are harmed by Federal Defendant's failure to make a determination upon the Request, or otherwise to release the requested documents, which prevents Plaintiff from obtaining, analyzing, disseminating and using the requested information to advance Plaintiff's

COMPLAINT - 3 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

Final_Navy_FOIA_Complaint.doc/050817 1524/7754-0417

mission of ensuring the protection of marine wildlife in general and, in particular, the Vaquita Porpoise.

12. Federal Defendant is an agency within the meaning of 5 U.S.C. § 552(f)(1). Federal Defendant is responsible for fulfilling Plaintiff's Request and complying with all federal laws.

## STATUTORY BACKGROUND

13. Upon receipt of a written request that "reasonably describes" the records sought and complies with "published rules . . . and procedures to be followed," agencies of the United States government are required to "promptly" disclose their records, unless they can be lawfully withheld from disclosure under one of nine specific exemptions in FOIA. 5 U.S.C. § 552(a)(3)(A).

14. FOIA provides that agencies shall "determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination." *Id.* at. § 552(a)(6)(A)(i).

15. In "unusual circumstances," an agency may extend the 20-day time limit for up to 10 working days by providing written notice to the requester setting forth the unusual circumstances and the date on which the determination is expected to be dispatched. *Id.* at § 552(a)(6)(B)(i).

16. In some limited circumstances, FOIA allows an agency to seek an extension potentially beyond 10 days. Specifically, FOIA requires an agency to provide written notification to the requester: (1) offering an opportunity to limit the scope of the request so that it may be processed within the 20 work-day limit, or (2) offering an opportunity to arrange with the agency an "alternative time frame" for processing the request. *Id.* at § 552(a)(6)(B)(ii). If the agency elects this option, it must make its FOIA Public Liaison available to the requester to assist in any disputes with the agency. *Id.*

17. If the agency fails to make a determination on a document request within 20 work-days,

COMPLAINT - 4 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

or within the limited additional time permitted upon proper notification of "unusual circumstances," the requester is deemed to have constructively exhausted administrative remedies and may seek judicial review. *Id.* at § 552(a)(6)(C)(i).

## FACTUAL BACKGROUND

18. On March 13, 2017, Plaintiff submitted the Request under FOIA to Federal Defendant reasonably describing all documents of which Plaintiff sought disclosure.

19. Plaintiff submitted its Request via FOIAonline, which confirms that the date of submission was March 13, 2017. *See* Exhibit C.

20. The twentieth working day following March 13, 2017 was April 10, 2017.

21. On April 21, 2017, Federal Defendant sent a letter via email confirming receipt, stating that it could not yet make a determination, and ostensibly invoking the additional ten-day period for "unusual circumstances." *See* Exhibit B.

22. Although the letter is dated April 17, 2017, Federal Defendant sent the communication exclusively via email, and did so on April 21, 2017. *See* Exhibit D. The FOIAonline website also reflects a communication date of April 21, 2017. *Id.*

23. In its letter, Federal Defendant did not request any additional information needed to clarify the Request.

24. Despite the fact that Plaintiff submitted its Request via FOIAonline on March 13, 2017, Federal Defendant asserted that the Request was "received in [its] office on March 15, 2017[.]" Exhibit B at 1. Federal Defendant offered no explanation for this lag time of two full business days. Federal Defendant has never claimed that Plaintiff filed its Request improperly or directed the Request to the wrong component.

25. Even if we follow Federal Defendant's assertion and treat March 15, 2017 as the date

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

of receipt, the twentieth working day thereafter was April 12, 2017.

26. Because Federal Defendant did not send its letter invoking "unusual circumstances" until several days following the expiration of the twenty-day determination period (and this is so even if we use the date of the letter, April 17, 2017, rather than the date of the email, April 21, 2017), the extension for "unusual circumstances" is statutorily unavailable. *See* 5 U.S.C. § 552(a)(6)(B)(i) (providing that the twenty-day period "may be extended by written notice").

27. Moreover, Federal Defendant also failed to provide "the date on which a determination is expected to be dispatched," an additional requirement for the ten-day extension. *Id.*

28. Finally, even if Federal Defendant had properly invoked the ten-day extension—and it has not—the additional days have passed. If Federal Defendant received the Request on March 13, an extension for "unusual circumstances" would allow Federal Defendant until April 24 to make a determination. If Federal Defendant received the Request on March 15, an extension for "unusual circumstances" would allow Federal Defendant until April 26 to make a determination. Either way, these dates have passed, and Federal Defendant has yet to make a determination.

29. Plaintiff has written Federal Defendant regarding this situation, *see* Exhibit E, but Federal Defendant has not responded.

30. As of the date of this complaint, Plaintiff has not received a determination on its Request.

31. Plaintiff believes and alleges that Federal Defendant is unlawfully withholding a determination on its Request.

32. Federal Defendant has offered no reasonable explanation for its delay, and it has failed to estimate when, or to indicate whether, it will comply with its obligations under FOIA.

33. Because Federal Defendant has "fail[ed] to comply with the applicable time limit provisions," Plaintiff has constructively exhausted its administrative remedies with respect to the requested documents. 5 U.S.C. § 552(a)(6)(C)(i).

COMPLAINT - 6 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

Final_Navy_FOIA_Complaint.doc/050817 1524/7754-0417

# CLAIM FOR RELIEF

**Violation of Freedom of Information Act**
*Failure to Respond with a Determination*

34. Plaintiff herein incorporates all allegations contained in the preceding paragraphs.

35. FOIA provides that any person may obtain those agency records that are not subject to the FOIA disclosure exemptions promptly. 5 U.S.C. § 552 (a)(3)(A).

36. Plaintiff properly requested records within the control of Federal Defendant.

37. Federal Defendant failed to provide Plaintiff with a determination as to whether Federal Defendant has any non-exempt records responsive to the Request and whether it intended to release such records within the required timeframe. *Id.* at §§ 552(a)(6)(A)(i); 552(a)(6)(B).

38. Federal Defendant failed to properly invoke and comply with FOIA's provision allowing a 10 working-day extension for "unusual circumstances." *Id.* at § 552(a)(6)(B)(i).

39. Federal Defendant failed to properly invoke and comply with FOIA's provision permitting an extension of potentially greater than 10 working days by offering Plaintiff an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request. *Id.* at § 552(a)(6)(B)(ii).

40. Federal Defendant's failure to comply with FOIA is subject to judicial review under 5 U.S.C. § 552(a)(4)(B).

41. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to a determination on the Request.

# PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment providing the following relief:

1. Declare that Federal Defendant violated FOIA by failing to make a determination on Plaintiff's Request within the statutory deadlines.

COMPLAINT - 7 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

Final_Navy_FOIA_Complaint.doc/050817 1524/7754-0417

2. Order Federal Defendant to (1) provide Plaintiff with a final determination and (2) process and release all records responsive to the Request at no cost to Plaintiff within 10 days from the date of such order;

3. Retain jurisdiction of this action to ensure the processing of the Request, and to ensure that no agency records are wrongfully withheld;

4. Award Plaintiff costs, including reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Grant Plaintiff any relief that the Court deems just and proper.

Dated this 5th day of May 2017

s/ Brett W. Sommermeyer
Brett W. Sommermeyer (WA Bar No. 30003)
SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, WA 98102
Phone: (541) 418-1603
Email: brett@seashepherdlegal.org

Nicholas A. Fromherz (CA Bar No. 248218)
SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, WA 98102
Phone: (503) 836-5260
Email: nick@seashepherdlegal.org
Application for admission *Pro Hac Vice* pending

Attorneys for Plaintiff SEA SHEPHERD LEGAL

COMPLAINT    - 8 -

SEA SHEPHERD LEGAL
226 Eastlake Ave. East, No. 108
Seattle, Washington 98102
(206) 453-0012.

Final_Navy_FOIA_Complaint.doc/050817 1524/7754-0417